IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLAS HYLAND,<br><br>                    Plaintiff,<br><br>v.<br><br>DIXIE STATE UNIVERSITY, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 2:15-CV-36 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Dixie State University's ("DSU") Motion for Partial Judgment on the Pleadings.[1]  For the reasons discussed more fully below, the Court will grant Defendant's Motion.

## I.  INTRODUCTION

Plaintiff Dallas Hyland brings claims against DSU and five of its officials for First and Fourteenth Amendment violations as well as for state-law defamation.  Plaintiff's claims arise out of his suspension from DSU after he was accused of sexually harassing another student and intimidating a faculty member.[2]  Plaintiff alleges that the accusations were baseless and that Defendants retaliated against him for investigating two DSU officials for misuse of funds, and investigating another for mistreatment of veterans, and wrongly prohibited him from coming on campus.[3]

DSU seeks judgment on Plaintiff's pleadings by asserting governmental immunity.

---

[1] Docket No. 41.

[2] Docket No. 2, at 8.

[3] *Id.* at 7.

## II.  LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[4]  The same standard is used when evaluating 12(b)(6) and 12(c) motions.[5]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[6]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[7] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]  As the Court in *Iqbal* stated,

---

[4] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[5] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[11]

## III.  DISCUSSION

Plaintiff fails to state plausible claims for relief against DSU because DSU is protected under the Eleventh Amendment from the 42 U.S.C. § 1983 claims and protected under the Utah Governmental Immunity Act ("UGIA") against the state-law defamation claim.[12]

The Tenth Circuit and this Court have held that Utah state universities are arms of the State of Utah and entitled to Eleventh Amendment immunity.[13]  DSU is a Utah state university and is granted Eleventh Amendment immunity.  Under such immunity, DSU is immune from claims arising under § 1983.[14]  Further, for the same reason, DSU is not a person under § 1983. Therefore, Plaintiff fails to state a plausible claim that DSU violated his First and Fourteenth Amendment rights.

Plaintiff argues that Defendants and the Court must engage in a factual analysis to determine whether DSU is an arm of the State.  However, Plaintiff fails to adequately address

---

[11] *Iqbal*, 556 U.S. at 679 (citations and internal quotation marks omitted).

[12] UTAH CODE ANN. § 63G-7-101 (West 2015).

[13] *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574–75 (10th Cir. 1996) (citations omitted); *Erbacher v. Albrecht*, No. 1:11-CV-96-RJS, 2013 WL 3049289, at *6 (D. Utah June 17, 2013); *Pharm. & Diagnostic Servs., Inc. v. Univ. of Utah*, 801 F. Supp. 508, 512 (D. Utah 1990) ("[T]his court . . . adopts the view of a majority of other courts that have treated state universities as arms of the state for Eleventh Amendment purposes.") (citations omitted).

[14] *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Cleveland v. Martin*, 590 F. App'x 723, 730 (10th Cir. 2014) (citation omitted).

3

those cases where the Tenth Circuit and this Court have upheld Eleventh Amendment immunity for state universities.

The GAIU immunizes DSU from Plaintiff's state-law defamation claim.  To determine whether the GAIU applies to DSU, the Court considers "(1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver."[15]

In this case, the GAIU applies because DSU is an arm of the State of Utah and its operation as a university is a governmental function.  The GAIU does not waive immunity for defamation claims.[16]  Thus, DSU is immune from state-law defamation claims.

Plaintiff argues that DSU waived its governmental immunity by appearing and answering the Complaint.  DSU's appearing and answering the Complaint do not constitute waiver of immunity.[17]  The Tenth Circuit has stated, "A state's waiver is subject to a stringent test: Utah's consent to suit against it in court must be express and unequivocal."[18]

In this case, DSU has not expressly and unequivocally waived immunity.  While DSU appeared, answered the Complaint, and consented to the Court's jurisdiction, it preserved its immunity defenses under the GIAU and Eleventh Amendment.[19]  Thus, DSU is not barred from asserting these defenses.

---

[15] *Peck v. State*, 191 P.3d 4, 7 (Utah 2008).

[16] *See* UTAH CODE ANN. § 63G-7-201(4)(b) (West 2015).

[17] *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 1997).

[18] *Id.* (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).

[19] Docket No. 29, at 2, 15.

For the reasons set forth above, the Court will grant Defendant DSU's Motion and dismiss Plaintiff's claims against DSU.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 41) is GRANTED.

DATED this 3rd day of August, 2015.

BY THE COURT:

_____

Ted Stewart
United States District Judge