IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLAS HYLAND,<br><br>                Plaintiff,<br><br>v.<br><br>DIXIE STATE UNIVERSITY, a public university in the State of Utah; DELL BEATTY, in his personal and official capacities; DON REID, in his personal and official capacities, FRANK LOJKO, in his personal and official capacities, RHIANNON BENT, in her personal and official capacities; BRENT YERGENSEN, in his personal and official capacities; and JOHN DOES I-V,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS<br><br><br>Case No. 2:15-CV-36 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on State Defendants Del Beatty, Don Reid, Frank Lojko, Rhiannon Bent, and Brent Yergensen's ("Defendants") Partial Motion to Dismiss for Lack of Jurisdiction. For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

This case arises from Hyland's disciplinary suspension as a student at Dixie State University. In Hyland's fourth cause of action, Hyland alleges that Defendants defamed him by publishing a false statement that Hyland had sexually harassed another student. On November 20, 2013, Hyland served a "Notice of Claim & Intent to Commence Legal Action" on Defendants, who made no decision to accept or deny Hyland's claim. On January 20, 2015,

1

Hyland filed his Complaint. However, Hyland has never filed an undertaking. The parties disagree (1) whether an undertaking was required; and if it was, (2) whether the Court should dismiss Hyland's fourth cause of action with or without prejudice.

## II. STANDARD

An argument regarding subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation."[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2]

The Utah Governmental Immunity Act ("UGIA") "establishes the parameters under which parties may bring suit against governmental entities for injuries."[3] The Act requires plaintiffs to file an undertaking in the amount of at least $300 at the time the action is filed.[4] "Compliance with the Immunity Act is necessary to confer subject matter jurisdiction upon a trial court to hear claims against governmental entities."[5] "[F]ailure to comply with the Immunity Act requires a trial court to dismiss a complaint."[6]

## III. DISCUSSION

### A. THE UNDERTAKING REQUIREMENT

It is undisputed that Hyland failed to file an undertaking. Hyland argues, without citation, that the undertaking requirement does not apply to actions brought in federal court. Hyland's argument is based on language in Utah Code Section 63G-7-601 that "[a]n action

---

[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).
[2] Fed. R. Civ. P. 12(h)(3).
[3] *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 11, 37 P.3d 1156, 1158.
[4] Utah Code Ann. § 63G-7-601 (West 2017).
[5] *Greene*, 2001 UT 109, ¶ 16, 37 P.3d at 1159.
[6] *Id.*

brought under this chapter shall be governed by the Utah Rules of Civil Procedure to the extent that they are consistent with this chapter."[7] The next subsection directs that "the plaintiff shall file an undertaking."[8] Hyland interprets these two subsections to mean that an undertaking is not necessary when a case is filed in federal court because the Federal Rules of Civil Procedure are applied.[9]

The subsections cited by Hyland do not support his interpretation. Nothing in the language of Section 63G-7-601 suggests that the undertaking requirement is conditional on the rules of civil procedure applied by a court. In addition, both this Court and the Tenth Circuit have consistently applied the undertaking requirement to suits filed in federal court.[10] Therefore, the Court finds that the undertaking requirement applies in this case and that Hyland's failure to comply with the UGIA requires the dismissal of his fourth cause of action. Whether the cause of action must be dismissed with prejudice depends on whether a recent amendment to the UGIA applies retroactively.

B. RETROACTIVITY OF THE UGIA AMENDMENT

In *Craig v. Provo City*, the Utah Supreme Court held that a savings statute in Utah Code Section 78A-2-111 was foreclosed by the UGIA, and that a failure to pay an undertaking was therefore grounds for dismissal with prejudice after the one-year limitations period had

---

[7] Utah Code Ann. § 63G-7-601(1).

[8] *Id.* § 63G-7-601(2).

[9] Docket No. 70, at 4.

[10] *See Rippstein v. City of Provo*, 929 F.2d 576, 578 (10th Cir. 1991); *George v. Beaver Cty.*, No. 2:16-CV-1076 TS, 2017 WL 782287, at *6 (D. Utah Feb. 28, 2017) (unpublished).

3

expired.[11] In response to *Craig*, the Utah Legislature amended the UGIA in March, 2017 to provide: "A claimant may commence an action after the time limit . . . if: (i) the claimant had commenced a previous action within the time limit . . . ; (ii) the previous action failed or was dismissed for a reason other than on the merits; and (iii) the claimant commences the new action within one year after the previous action failed or was dismissed."[12]

Utah law codifies the presumption that "[a] provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."[13] However, there is a "long-standing exception to the general rule of nonretroactivity[:] Remedial and procedural amendments apply to accrued, pending, and future actions."[14]

Here, there is no expression of retroactivity in the amendment, so retroactivity depends on whether the amended portions are procedural or substantive, and whether they enlarge or eliminate vested rights.[15] It is a "general and well-established principle of law [] that statutes prescribing limitations relate to remedies."[16] The Utah Supreme Court has applied retroactively

---

[11] 2016 UT 40, ¶ 41, 389 P.3d 423, 432.

[12] H.B. 399 Government Immunity Amendments, at ¶¶ 145–182, https://le.utah.gov/~2017/bills/static/HB0399.html (last visited May 15, 2017).

[13] Utah Code Ann. § 68-3-3.

[14] *State v. Daniels*, 2002 UT 2, ¶ 40, 40 P.3d 611, 623 (quoting *State v. Norton*, 675 P.2d 577, 585 (Utah 1983)); *see also State v. Clark*, 2011 UT 23, ¶ 12, 251 P.3d 829, 833.

[15] *See Gressman v. State*, 2013 UT 63, ¶ 14, 323 P.3d 998, 1002.

[16] *Del Monte Corp. v. Moore*, 580 P.2d 224, 225 (Utah 1978).

4

"the extension of a limitations period where the original cause of action is still alive when the statute of limitations was amended."[17]

The amendment here has the effect of extending the UGIA's statute of limitations in limited situations, and is therefore procedural.[18] However, Defendants correctly point out that Hyland would not have the right to refile his defective claim absent the amendment. The amendment therefore deprives Defendants of a right to a statute of limitations defense. "[T]he defense of an expired statute of limitations" is a vested right that cannot be taken away by legislation, and "subsequent passage of an act increasing the period of limitation [cannot] operate to affect or renew a cause of action already barred."[19]

The one year statute of limitation in this case expired in January, 2015. Hyland timely filed his Complaint, but his failure to file an undertaking deprived the Court of subject-matter jurisdiction. Hyland could not have remedied the defect because the claim was time-barred. Defendants properly pleaded the statute of limitations defense in their response to Hyland's Complaint and have not waived it. Therefore, a limitations defense vested in January, 2015, and the UGIA amendment cannot divest Defendants of this defense or revive Plaintiff's cause of action.

In sum, the Court cannot apply the amendment to the UGIA retroactively to Hyland's claim because it would destroy Defendants' vested statute of limitations defense and revive

---

[17] *Dep't of Human Servs. v. Jacoby*, 1999 UT App 52, ¶ 13, 975 P.2d 939, 943; *see also Del Monte Corp*, 580 P.2d at 225 ("[I]f the cause of action is still alive, the new enactment can extend the time in which it may be brought.").

[18] *Del Monte Corp*., 580 P.2d at 225.

[19] *Roark v. Crabtree*, 893 P.2d 1058, 1062 (Utah 1995).

Hyland's time-barred claim. Therefore, the Court will apply the law in place at the time Hyland filed suit. Accordingly, Hyland's fourth cause of action must be dismissed with prejudice.[20]

IV. CONCLUSION

It is therefore ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket No. 64) is GRANTED. Plaintiff's Fourth Cause of Action is dismissed with prejudice.

DATED this 16th day of May, 2017.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] *See Craig*, 2016 UT 40, ¶ 41, 389 P.3d at 432 (dismissing claims as time-barred after plaintiff failed to follow the UGIA's procedural requirements).